[Cite as *PAG Holdings v. Love*, 2012-Ohio-3388.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | | |
|---|---|---|
| PAG HOLDINGS | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 12CA0012 |
| vs. | : | T.C. CASE NO. CVF10 01772 |
| MICHAEL LOVE, et al. | : | (Civil Appeal from Municipal Court) |
| Defendants-Appellees | : | |

· · · · · · · · ·

# O P I N I O N

Rendered on the 27th day of July, 2012.

· · · · · · · · ·

Jared A. Wagner, Atty. Reg. No. 0076674; Jonathan F. Hung, Atty. Reg. No. 0082434, 800 Performance Place, 109 N. Main Street, Dayton, OH 45402-1290
      Attorneys for Plaintiff-Appellant

Michael Love; Denitra Love, 4498 Stonecastle Drive, Apt. 212, Beavercreek, OH 45440
      Defendants-Appellants, Pro Se

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} This appeal concerns an action commenced by Plaintiff PAG Holdings ("PAG") against Defendants Michael and Denitra Love for damages to a rental property owned by PAG.

{¶ 2} In January of 2008, the Loves signed a lease to rent a house from PAG.

Pursuant to the lease, the Loves paid PAG a security deposit in the amount of $2,340.00. Shortly after moving in, the Loves faxed to a representative of PAG a list of items in the house that needed repair. Only a few of these items were repaired by PAG during the term of the lease. The Loves moved out of the house at the end of June 2010. Subsequently, PAG sent a letter to the Loves informing them that PAG would not return their security deposit because the Loves had allegedly damaged the rental property beyond normal wear and tear and in an amount exceeding the security deposit.

{¶ 3} On October 28, 2010, PAG commenced an action in municipal court against the Loves, seeking money damages in the amount of $6,603.32, which allegedly represented the difference between the amount PAG expended to repair the damage caused by the Loves to its property ($8,943.32) and the amount of the Loves' security deposit ($2,340.00). The Loves did not file an answer to PAG's complaint. PAG filed a motion for default judgment, which the trial court granted on December 28, 2010. The trial court then set the matter for a hearing before a magistrate to determine the amount of damages to which PAG was entitled. (Dkt. 6.)

{¶ 4} Following an evidentiary hearing, the magistrate found that the Loves were responsible for only $452.74 for repairs made by PAG. Because PAG retained the full security deposit of $2,340.00, the magistrate found that the Loves were entitled to the difference between the amount of the security deposit and the $452.74. However, because the Loves did not file a counterclaim requesting return of their security deposit, the magistrate recommended judgment against the Loves in the amount of $0.00. (Dkt. 8.) PAG filed objections to the magistrate's decision. (Dkt. 9, 13.)

{¶ 5} On December 23, 2011, the trial court overruled PAG's objections, in part, and sustained them, in part. (Dkt. 14.) The trial court found that the magistrate erred in considering liability because liability had been established when the trial court granted PAG's motion for default judgment. The trial court then found that PAG was entitled to recover $2,130.18 from the Loves for damages caused to the property beyond normal wear and tear. Because PAG retained the $2,340.00 security deposit, which was greater than the $2,130.18 in damages, the trial court found that the Loves did not owe any money. PAG filed a timely notice of appeal.

{¶ 6} First Assignment of Error:

{¶ 7} "THE TRIAL COURT COMMITTED A REVERSIBLE ERROR OF LAW BY APPLYING AN INCORRECT LEGAL STANDARD FOR DETERMINING THE AMOUNT OF DAMAGES CAUSED TO REAL PROPERTY BY A TENANT DURING THE TERM OF THE TENANCY."

{¶ 8} "It is fundamental to the law of remedies that parties damaged by the wrongful conduct of others are entitled to be made whole. * * * The injured party should not receive a windfall; in other words, the damages awarded should not place the injured party in a better position than that party would have enjoyed had the wrongful conduct not occurred." 30 Ohio Jurisprudence 3d, Damages, Section 2, at 11-12 (2009).

{¶ 9} If an injury to property is "susceptible of repair, the measure of damages is the reasonable cost of restoration." *Martin v. Constr. Servs., Inc.*, 121 Ohio St.3d 66, 2009-Ohio-1, 902 N.E.2d 10, ¶ 14, quoting *Ohio Collieries Co. v. Cocke,* 107 Ohio St 238, 248-249, 140 N.E. 356 (1923). "[E]ven in cases in which the property has no market value,

damages could still be awarded based on the reasonable cost of restoration, with consideration of the condition of the property prior to the damage." *Martin*, at ¶ 21, citing *Northwestern Ohio Natural Gas Co. v. First Congregational Church of Toledo*, 126 Ohio St. 140, 184 N.E. 512 (1933).

{¶ 10} The default judgment granted to PAG established that the Loves damaged PAG's rental property beyond normal wear and tear. The trial court then addressed the amount of damages PAG was entitled to, finding, in part:

> Although in plaintiff's Objections it states that the only evidence submitted as to damages was by plaintiff and that defendants did not offer any damage amount, plaintiff still has the burden of proving its case by a preponderance of the evidence. The Court finds that plaintiff did submit evidence of the amount of replacement and repair for the flooring in the amount of $3,407.94, however, plaintiff did not provide any evidence of the age of the flooring and the condition of the flooring at the time that the tenants rented the premises. Plaintiff is not allowed compensation in the full amount as that would be a windfall to plaintiff if the flooring was already in poor condition and old. Plaintiff should have provided the normal age expectancy of the flooring so that this Court could determine the proper amount to allocate to defendants. As such, this Court is unable to determine the damage amount and does not award any damages for the flooring. * * * As to the kitchen cabinets, although liability has been determined that they were damaged beyond ordinary wear and tear, plaintiff again failed to provide evidence as to

the age of the cabinets and the state that they were in at the time that the tenants entered into the initial lease. Again, plaintiff is not entitled to brand new kitchen cabinets if they were old and already damaged to some extent. The Court is unable to determine what amount should be apportioned to defendants. As such, plaintiff has not proven the damage amount and has not provided this Court with all necessary information. Therefore, the Court is not awarding any damage amount for the cabinets.

Computing the amounts of the damages, defendants are liable in the amount of $2,130.18. However, the amount of the security deposit provided to plaintiff was $2,340.00. As such, defendants do not owe any additional amount to plaintiff.

{¶ 11} The trial court considered the evidence presented by PAG and the Loves and found that PAG failed to establish the actual amount of damages to the rental property caused by the Loves. It is axiomatic that in order to determine the reasonable cost to restore property to the condition it was in prior to being damaged, a court must have evidence of the condition of the property before it was damaged. In other words, PAG needed to present sufficient evidence to the trial court of the condition of the property at the time the Loves moved in so that the court could determine whether the costs incurred by PAG in "restoring" the property were reasonable or unreasonable. Without such evidence, the trial court could not determine whether the costs incurred by PAG in repairing the property made the condition of the property substantially better than it was when the Loves moved in, thus creating a windfall. PAG failed to present sufficient evidence to allow the trial court to make this necessary

determination.

{¶ 12} PAG argues that "[b]y holding that diminution in value evidence was a required element of PAG's burden of proof the trial court committed an error of law, thereby abusing its discretion." (Brief, p. 12.) According to PAG, the *Martin* decision overruled the numerous prior cases requiring proof of diminution in value for cases involving temporary injury to real property.

{¶ 13} In *Martin*, syllabus, the Supreme Court held:

In an action based on temporary injury to noncommercial real estate, a plaintiff need not prove diminution in the market value of the property in order to recover the reasonable costs of restoration, but either party may offer evidence of diminution of the market value of the property as a factor bearing on the reasonableness of the cost of restoration.

{¶ 14} The holding in *Martin* did not alleviate a plaintiff's burden to show, by a preponderance of evidence, the reasonable cost of restoration. The *Martin* Court reiterated that the proper measure of damages is the reasonable cost of restoration and that the condition of the property prior to the damage should be considered when determining the reasonable cost of restoration. Therefore, the trial court did not err in requiring PAG to establish the condition of the property prior to the damage caused by the Loves.

{¶ 15} The first assignment of error is overruled.

{¶ 16} Second Assignment of Error:

{¶ 17} "THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 18} "Judgments supported by some competent, credible evidence going to all the

essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 19} At the evidentiary hearing, Michael Love testified that he provided a representative of PAG with a checklist of items that needed repair when the Loves moved into PAG's rental property. Michael Love also testified that he spoke with a representative of PAG a number of times about repairing the items on the list he had provided, but only a few of these items were ever repaired. The trial court found that Mr. Love was a credible witness. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). In *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997), we observed:

> Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.

{¶ 20} PAG failed to present sufficient evidence to establish the condition of the flooring and the kitchen cabinets at the beginning of the lease with the Loves. Further, the testimony of Michael Love supported a finding that the condition of the flooring and kitchen

cabinets was less than ideal at the beginning of the lease. Therefore, to award the amount PAG sought for replacement of the flooring and kitchen cabinets would have created a windfall to PAG. It was PAG's burden to establish the cost to restore the property to the condition it was in prior to the damaged caused by the Loves. PAG failed to carry its burden. Therefore, the trial court's judgment is not against the manifest weight of the evidence. The second assignment of error is overruled.

{¶ 21} Having overruled the assignments of error, we will affirm the judgment of the trial court.

DONOVAN, J., And FROELICH, J., concur.

**Copies mailed to:**

**Jared A. Wagner, Esq.**
**Jonathan F. Hung, Esq.**
**Michael Love**
**Denitra Love**
**Hon. Beth Root**